## COMPAGNIA ITALIANA TRANSPORTO OLII MINERALI v. SUN OIL CO.

District Court, S. D. New York. October 29, 1928.

Stern & Ellenwood, of New York City, for plaintiff.

Duncan & Mount, of New York City, for defendant.

WINSLOW, District Judge. The contract upon which this action is founded provides for inspection of the steamer on dry dock; the object of such inspection being to definitely determine whether anything would be necessary to be done "to continue steamer in present class. Inspection to be made to determine if the vessel is in satisfactory condition to maintain her class in Lloyds Register of Shipping and after being certified by the Lloyds Register of Shipping that the vessel is in every respect in accordance with the Classification requirements. * * *"

While it is true the contract does not state the "class" of the steamer, it will hardly be assumed that the class was unknown to the contracting parties. Doubtless it was a dominant element in fixing the contract price. The waiver of the dry dock inspection, for which an allowance was made to the purchaser, inured to the purchaser's benefit to the extent of the allowance, but to my mind did not relieve the seller from the warranty alleged in the complaint, which allegations, for the purpose of this motion, are assumed to be true. Acceptance of the steamer by the buyer does not discharge the seller from liability for a breach of warranty "in a contract to sell or the sale." N: Y. Personal Property Law, § 130 (Consol. Laws, c. 41).

Motion for judgment on the pleadings denied.